IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRETT DARROW, ) | |
| ) | |
| Plaintiff, ) | **JURY TRIAL DEMANDED** |
| ) | |
| v. ) | Cause No. |
| ) | |
| JAMES E. KUEHNLEIN, JR., in his official ) | |
| and individual capacities, ) | |
| ) | |
| JOHN DOE, in his official and individual ) | |
| capacities, and ) | |
| ) | |
| CITY OF ST. GEORGE, MISSOURI, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

Plaintiff Brett Darrow, for his complaint against Defendants James Kuehnlein, John Doe, and the City of St. George, Missouri states as follows:

**INTRODUCTION**

1. This is an action for money damages, declaratory, and injunctive relief brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and under the law of the State of Missouri, against Sergeant James Kuehnlein and Officer John Doe, police officers of the City of St. George, in their individual and official capacities and against the City of St. George.

2. Plaintiff Brett Darrow alleges that Defendants Kuehnlein and Doe made an unreasonable search and seizure of his person, assaulted, battered, and falsely imprisoned him by stopping him, threatening to arrest him, and physically restraining him without cause. Plaintiff alleges that these constitutional violations were committed as a result of the policies and customs

1

of the City of St. George, and that the City of St. George is liable under the theory of respondeat superior for the torts committed by Defendants Kuehnlein and Doe.

## JURISDICTION AND VENUE

3.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has supplemental jurisdiction over plaintiff's causes of action arising under the Missouri state law pursuant to 28 U.S.C. § 1367.

4.      Venue lies in the United States District Court for the Eastern District of Missouri because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in St. Louis County, Missouri.  28 U.S.C. § 1391(b)(2).

5.      Divisional venue is in the Eastern Division because the events leading to the claim for relief arose in St. Louis County.  E.D.Mo. L.R. 2.07(A)(1), (B)(2).

## PARTIES

6.      Plaintiff Brett Darrow is an adult citizen and resident of the City of St. Louis, Missouri.  He runs a painting business during the day and attends college in the evenings.

7.       Defendant James Kuehnlein was a Sergeant with the St. George Police Department when the relevant events occurred.  He has since been terminated.  He is sued in his individual and official capacities.

8.      Defendant John Doe is an unknown officer of the St. George Police Department who arrived at the scene that gave rise to this claim for relief.  He failed to take reasonable steps to end the unlawful conduct alleged in this complaint.  He is sued in his individual and official capacities.

9. Defendant City of St. George is located in St. Louis County, Missouri. It is a municipal corporation and the public employer of Defendants Kuehnlein and Doe.

## BACKGROUND

10. On or about September 7, 2007 at about 2:00 a.m., Plaintiff Brett Darrow properly turned into a commuter parking lot at Spokane and Reavis Barracks roads. The commuter lot was located in an unincorporated part of St. Louis County, outside the jurisdiction of the St. George Police Department.

11. Plaintiff properly signaled his intention to turn, and did not violate any traffic laws. He was not illegally parked in the commuter lot, and he did not engage in any unlawful conduct while in the lot.

12. A police car driven by Defendant Sergeant Kuehnlein followed Plaintiff's vehicle into the commuter lot.

13. A video camera installed in Plaintiff's vehicle recorded the ensuing more than 18-minute encounter between Defendant Kuehnlein and Plaintiff.

14. Defendant Kuehnlein approached Plaintiff's vehicle and began questioning Plaintiff. Defendant Kuehnlein responded aggressively to Plaintiff's questions about why he was being detained. Plaintiff asked if he could park in the commuter lot, and Defendant Kuehnlein leaned into the car and yelled, "You are a suspicious vehicle right now!"

15. Defendant Kuehnlein ordered Plaintiff to exit the vehicle.

16. Plaintiff asked Defendant Kuehnlein if he had committed a moving violation, and Defendant Kuehnlein pinned Plaintiff between himself and the vehicle, got close to his face, and shouted, "You wanna try me tonight? You think you've had a bad night? I will ruin your fucking night."

17. Defendant Kuehnlein asserted that he could make up reasons for detaining Plaintiff. He shouted, "Oh, while you were coming towards me you were swerving back and forth within the roadway. Okay? I might give you a ticket for that. You want me to make up some more? When you turned in, you failed to use your turn signal."

18. Defendant Kuehnlein also threatened to make up other reasons for arresting Plaintiff and taking him to jail. He shouted, "Do you want to go to jail for some fucking reason I come up with? Do you wanna see who knows the law better, me or you? My experience compared to your young ass."

19. Defendant Kuehnlein threatened to arrest Plaintiff for resisting arrest: "Try and talk back. Talk back to me again. I bet I could say you resisted arrest or something. You want to come up with something. I come up with nine things. Do you wanna try something?"

20. A few minutes later, Defendant Kuehnlein threatened to arrest Plaintiff for failure to comply with a police officer's commands: "Did we have a bad night, boy? Huh? Answer me or I'll lock you up for failure to comply with a police officer's commands."

21. Before noticing the video camera in Plaintiff's vehicle, Defendant Kuehnlein threatened to make up a reason to tow his car. He threatened, "I bet—I guarantee I can tow this car by the time I'm done with you."

22. After seeing the camera, Defendant Kuehnlein threatened to destroy it: "I really don't care about your camera system 'cause I'm about ready to tow your car. Then we can tear them all apart."

23. About eight minutes into the encounter between Defendant Kuehnlein and Plaintiff, Defendant John Doe, another St. George police officer, arrived at the scene. Defendant

4

Doe was present for part of the discussion about Plaintiff's camera and the police camera. He did nothing to stop the violations of Plaintiff's rights.

24. About nine minutes into the encounter, Plaintiff asserted his Fifth Amendment right to refuse to answer Defendant Kuehnlein's questions and his Fourth Amendment right to privacy. Defendant Kuehnlein stated that Plaintiff's refusal to tell Defendant Kuehnlein why he was in the commuter lot was impeding the flow of a police officer's duties. He also shouted that Plaintiff did not have a right to privacy when he was out in public.

25. When Plaintiff again refused to answer personal questions, Defendant Kuehnlein once again threatened to arrest him: "You know what, I think I'm gonna bring you with me. Come on."

26. Twelve minutes after approaching Plaintiff's car, Defendant Kuehnlein conducted a pat search of Plaintiff.

27. Finding nothing, Defendant Kuehnlein released Plaintiff.

28. Throughout the encounter with Defendant Kuehnlein, Plaintiff repeatedly told the officer that he did not want any trouble. He was not intoxicated, incapacitated, a threat to the safety of himself or others, or disorderly. He did not refuse to comply with Defendant Kuehnlein's orders or resist arrest in any way. He had not committed any criminal offenses.

29. Pursuant to St. George Police Department policy, Defendant Kuehnlein had a video camera attached to his car. Throughout his encounter with Plaintiff, Defendant Kuehnlein asserted that he had the entire conversation on tape.

30. Despite these assertions, the video tape was lost or destroyed, and the St. George Police Department could not produce the tape for Plaintiff to view.

5

31. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United Sates Constitution to be free from an unreasonable search and seizure of his person;

    b. Loss of his physical liberty;

    c. Intentional, offensive contact with his body; and

    d. Fear of imminent peril resulting from an offer or attempt to injure him.

32. The actions of Defendants violated the following clearly established and well settled federal constitutional rights of Plaintiff:

    a. Freedom from the unreasonable seizure of his person.

33. At all relevant times, Defendants Kuehnlein and Doe were acting under color of law and under color of authority as police officers, employees, and agents or servants of the City of St. George, Missouri and as agents of the State of Missouri.

## COUNT I

### *42 U.S.C. §1983 Against Defendants Kuehnlein and Doe*

34. Plaintiff re-alleges and incorporates by reference ¶¶ 1–33.

35. Plaintiff claims damages under 42 U.S.C. § 1983 for the injuries set forth above against Defendants Kuehnlein and Doe for violation of his constitutional rights under color of law.

## COUNT II

### *Assault Against Defendant Kuehnlein*

36. Plaintiff re-alleges and incorporates by reference ¶¶ 1–35.

37. Defendant Kuehnlein assaulted Plaintiff by unlawfully offering or attempting to injure him with apparent present ability to effectuate the injury under circumstances creating fear of imminent peril when he pinned Plaintiff against the car and shouted in his face.

### COUNT III

### *Battery Against Defendant Kuehnlein*

38. Plaintiff re-alleges and incorporates by reference ¶¶ 1–37.

39. Defendant Kuehnlein battered Plaintiff by intentionally and offensively contacting Plaintiff's body when he pinned him against the car and when he conducted a pat search without the requisite level of suspicion.

### COUNT IV

### *False Imprisonment Against Defendants Kuehnlein and Doe*

40. Plaintiff re-alleges and incorporates by reference ¶¶ 1–39.

41. Defendants Kuehnlein and Doe falsely imprisoned Plaintiff by unlawfully detaining him against his will. Defendant Kuehnlein had no reason to detain or search Plaintiff because he did not reasonably believe that Plaintiff had committed an offense. Defendant Doe participated in the unlawful detention.

### COUNT V

### *42 U.S.C. § 1983 Against City of St. George*

42. Plaintiff re-alleges and incorporates by reference ¶¶ 1–41.

43. Prior to September 7, 2007, the St. George Police Department developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of St. George, which caused the violation of Plaintiff's rights.

44. It was the policy and/or custom of the St. George Police Department to fail to exercise reasonable care in hiring its police officers, including Defendants Kuehnlein and Doe, thereby failing to adequately prevent constitutional violations on the part of its police officers.

45. It was the policy and/or custom of the St. George Police Department to inadequately supervise and train its police officers, including Defendants Kuehnlein and Doe, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

46. As a result of the above described policies and customs, police officers of the City of St. George, including Defendants Kuehnlein and Doe, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

47. The above described polices and customs demonstrate a deliberate indifference on the part of the City of St. George to the constitutional rights of persons within the City of St. George, and were the cause of the violations of Plaintiff's rights alleged herein.

## COUNT VI

### *Respondeat Superior of City of St. George*

48. Plaintiff re-alleges and incorporates by reference ¶¶ 1–47.

49. Defendant City of St. George is liable for the assault, battery, and false imprisonment committed against Plaintiff by Defendants Kuehnlein and Doe. The City of St. George employed the officers, who committed assault, battery, and false imprisonment while acting in the scope of their employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

      A.      Enter judgment in favor of Plaintiff and against Defendants;

      B.      Enter an order declaring Defendant Kuehnlein's conduct unconstitutional;

      C.      Award Plaintiff compensatory and punitive damages against Defendants;

      D.      Award Plaintiff's counsel reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law;

      E.      Enter a permanent injunction, upon proper motion, requiring Defendant City of St. George to adopt appropriate policies related to the hiring and supervision of its police officers; and

      F.      Grant to Plaintiff such other and further relief as may be just and proper under the circumstances, including but not limited to appropriate injunctive relief.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

Respectfully submitted,

ACLU of Eastern Missouri

/s/ Anthony E. Rothert
Anthony E. Rothert, EDMO Bar #518779
ACLU of Eastern Missouri
454 Whittier Street
St. Louis, Missouri 63108
(314) 652-3114 Telephone
(314) 652-3112 Facsimile

        Christopher M. Donohoo[*]
The Donohoo Law Firm, LLC
61 East Ferguson Avenue
P.O. Box 226
Wood River, Illinois 62095
(618) 251-6088 Telephone
(618) 251-6086 Facsimile
Cooperating Attorney for ACLU
    of Eastern Missouri

ATTORNEYS FOR PLAINTIFF

---

[*] Verified motion for admission *pro hac vice* forthcoming.